UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HONGNIAN GUO,<br><br>    Plaintiff,<br><br>    v.<br><br>YIGIN WANG,<br>AIMING ZHOU, and<br>ELLEN R. MASON,<br><br>    Defendants. | Case No. 23-cv-12161-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                              May 20, 2024

### I. Introduction

Plaintiff Hongnian Guo ("Guo") filed this lawsuit against Defendants Yigin Wang ("Wang"), Aiming Zhou ("Zhou") and Ellen R. Mason ("Mason") (collectively, "Defendants"), alleging violations of federal criminal statutes, the Federal Rules of Civil Procedure and the Fourth Amendment to the United States Constitution. D. 1. Defendants have each separately moved to dismiss the complaint. D. 10; D. 12; D. 17. In addition to filing oppositions to these motions, D. 11; D. 14; D. 15; D. 18; D. 30; D. 32; D. 33, as well as affidavits, D. 20; D. 22; D. 23; D. 26, Guo has moved for a jury trial. D. 25. For the reasons discussed below, Defendants' motions to dismiss, D. 10; D. 12; D. 17, are ALLOWED.

## II.     Standards of Review

### A.     Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)

Under Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction.  "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence."  Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (quoting Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993)).  When confronted with such a motion, "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa v. United States, 99 F.3d 1200, 1209–10 (1st Cir. 1996) (citing Murphy, 45 F.3d at 522). "When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first."  Ne. Erectors Ass'n of the BTEA v. Sec'y of Lab., Occupational Safety & Health Admin., 62 F.3d 37, 39 (1st Cir. 1995).

### B.     Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein.  García-Catalán, 734 F.3d at 103.  Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit.  Id.  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant

is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

In addition, a *pro se* plaintiff is entitled to a liberal reading of his allegations, regardless of how inartfully pled. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (per curiam); Rodi v. S. New Eng. Sch. of L., 389 F.3d 5, 13 (1st Cir. 2004). However, he must still comply with procedural and substantive law and "dismissal remains appropriate . . . when the complaint fails to even suggest an actionable claim." Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001) (citing Lefebvre v. Comm'r of Internal Revenue, 830 F.2d 417, 419 (1st Cir. 1987)).

### III. Factual Background

Unless otherwise indicated, the following facts are drawn from the allegations in Guo's complaint. D. 1.

As suggested by the complaint and the parties' filings, the current dispute is traceable to the divorce of Guo and Wang and related state court proceedings. See id. at 5–6; D. 13 at 2–3. Zhou is Wang's mother, and Mason served as Wang and Zhou's attorney in the relevant proceedings. See D. 13 at 1. Guo asserts that Defendants "used the minor kids" to testify against him without his knowledge. D. 1 at 6. Guo further alleges that Defendants held an "illegal hearing without motions" or service of process, resulting in the issuance of a restraining order against Guo, again without his knowledge. Id. As alleged, Defendants "purposely delayed the delivery" of the restraining order to [Guo] and then used the restraining order as a "legal basis for the attempted murder." Id.

Guo also alleges that as a result of false statements by Defendants, the restraining order and the "abuse of legal process," Guo has been unable to see his children for three and a half years and has been forced to travel across the country, presumably to avoid what he alleges to be "attempted murder." Id.  Guo seeks a total of $10 million in damages.  Id.

## IV.     Procedural History

On September 22, 2023, Guo filed a complaint against Defendants.  D. 1.  Wang has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  D. 10.  Mason has moved to dismiss for failure to state a claim under Rule 12(b)(6).  D. 12.  Zhou has moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  D. 17.[1]  Guo has opposed each of these motions and has also moved for a jury trial, D. 25.  The Court heard the parties on the pending motions at a motion hearing and took the matter under advisement.  D. 31.

## V.      Discussion

### A.     The Court Assumes the Existence of Federal Question Jurisdiction

Guo invokes both federal question jurisdiction and diversity jurisdiction.  D. 1 at 3. Defendants each separately move the dismiss the complaint, but their arguments as to dismissal for lack of subject matter jurisdiction are substantively similar and, thus, the Court will consider them together in assessing Guo's assertion of subject matter jurisdiction.  See D. 10 at 1–4; D. 13 at 4 n.3; D. 17-1 at 1–4.

"[I]t has long been recognized that where a plaintiff asserts that a private right of action is implied from federal law, federal courts do have the requisite subject matter jurisdiction to determine whether such a federal remedy exists."  Arroyo-Torres v. Ponce Fed. Bank, F.B.S., 918

---

[1] Mason and Zhou also seek dismissal on the basis of Mass. Gen. L. c. 231, § 59H, the Massachusetts anti-SLAPP statute.  D. 12 at 1; D. 17 at 1.

4

F.2d 276, 280 (1st Cir. 1990) (quoting Till v. Unifirst Fed. Sav. & Loan Ass'n, 653 F.2d 152, 155 n.2 (5th Cir. 1981)); see Burks v. Lasker, 441 U.S. 471, 476 n.5 (1979).  "Where both federal jurisdiction and the existence of a federal claim turn upon whether the complaint states a federal question, the preferable practice is to assume that jurisdiction exists and proceed to determine whether the claim passes muster under Rule 12(b)(6)."  Estate of Soler v. Rodríguez, 63 F.3d 45, 47 n.1 (1st Cir. 1995).

Guo asserts four independent bases for federal question jurisdiction, including (1) the federal murder statute, 18 U.S.C. § 1111; (2) the federal crime of making false statements, 18 U.S.C. § 1001; (3) Federal Rules of Civil Procedure 3, 4, 5 and 6; and (4) the Fourth Amendment to the United States Constitution.  D. 1 at 3.  In light of Guo's *pro se* status, and given that Defendants have also moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), the Court follows the "preferable practice" and "assume[s] that jurisdiction exists and proceed[s] to determine whether the claim[s] pass[ ] muster under Rule 12(b)(6)."  See Estate of Soler, 63 F.3d at 47 n.1.[2]

### B.     Guo Has Failed to State Claims Under Rule 12(b)(6)

As to all of the federal claims, the complaint fails to plausibly allege a claim because none of the federal laws cited by Guo provide private rights of action.  See Arroyo-Torres, 918 F.2d at 280 (emphasizing that the question whether a complaint should be dismissed because private rights of action are not implied from federal law should be considered under Rule 12(b)(6)).  As previously noted, Guo alleges violations of two federal criminal statutes, 18 U.S.C. § 1001 and 18

---

[2] Given this ruling, the Court does not reach the alternative basis of diversity jurisdiction that Guo invokes and that Defendants otherwise challenge.

5

U.S.C. § 1111, the Federal Rules of Civil Procedure, and the Fourth Amendment to the United States Constitution.

As to the criminal statutes cited by Guo, §§ 1001 and 1111 do not expressly or impliedly create private rights of action.  See Nasuti v. U.S. Sec'y of State John Forbes Kerry, 137 F. Supp. 3d 132, 141 (D. Mass. 2016) (explaining that 18 U.S.C. § 1001 is a "criminal statute[ ] which contain[s] no explicit or implicit private right of action"); Steen v. Rostram, No. 12-CV-15016, 2012 WL 5844186, at *2 (E.D. Mich. Nov. 19, 2012) (concluding that "[t]o the extent Plaintiff claims that Defendant is 'guilty' of 'criminal activity' under 18 U.S.C. § 1111, Plaintiff fails to state a claim, because there is no private right of action to enforce provisions of criminal law"); see also 28 U.S.C. § 547 (stating that the United States attorney shall "prosecute for all offenses against the United States").  The Court, therefore, dismisses Guo's claims pursuant to §§ 1001 and 1111.

Guo's alleged violations of Federal Rules of Civil Procedure 3, 4, 5 and 6 are similarly unavailing.  The Federal Rules of Civil Procedure, as procedural rules, do not create a substantive cause of action.  See Xu v. Neubauer, 166 F. Supp. 3d 203, 207 (D. Conn. 2015) (recognizing that "[a]s procedural rules, the Federal Rules of Civil Procedure do not create a private right of action").  Accordingly, the Court will dismiss Guo's claims based on alleged violations of same.

Finally, Guo alleges a Fourth Amendment violation.  Because Guo is proceeding in a *pro se* capacity, the Court will construe Guo's reference to the Fourth Amendment as a claim pursuant 42 U.S.C. § 1983.  There are two elements to a § 1983 claim:  (1) that the conduct complained of transpired under the color of state law; and (2) as a result, the plaintiff suffered a deprivation of his rights.  See Klunder v. Brown Univ., 778 F.3d 24, 30 (1st Cir. 2015) (citing Santiago v. Puerto Rico, 655 F.3d 61, 68 (1st Cir. 2011)).

As to the first prong, for Defendants to have acted under the color of state law, it must be fair to characterize them as state actors.  Id. (citing Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005)).  To assess whether a private party conducted itself as a state actor, the Court examines three distinct inquiries.  Estades-Negroni, 412 F.3d at 5; see Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986).  First, under the state compulsion test, the Court addresses whether the state "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [challenged conduct] must in law be deemed to be that of the State."  Id. (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)) (alteration in original).  Second, under the nexus test, a private party can be considered a state actor when the circumstances demonstrate that the state has "so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant" in the alleged wrongdoing.  Rinsky v. Trs. of Bos. Univ., No. 10-cv-10779-NG, 2010 WL 5437289, at *4 (D. Mass. Dec. 27, 2010) (quoting Estades–Negroni, 412 F.3d at 5).  Third, the Court applies the public function test, in which "a private party is viewed as a state actor if the plaintiff establishes that, in engaging in the challenged conduct, the private party performed a public function that has been 'traditionally the exclusive prerogative of the State.'"  Estades–Negroni, 412 F.3d at 5 (quoting Blum, 457 U.S. at 1005).

The complaint contains no allegations that Defendants operated under the color of state law.  As suggested by the complaint and the parties' briefing, Wang is Guo's ex-wife, and Zhou is Wang's mother.  See D. 1 at 6; D. 13 at 2–3.  Mason served as Wang and Zhou's attorney in state court proceedings related to the divorce of Guo and Wang.  See D. 13 at 1.  Guo alleges that Defendants had his minor children testify against him without his knowledge, which resulted in the improper issuance of a restraining order against him.  D. 1 at 6.  Guo asserts that Defendants

used the restraining order as a "legal basis" for attempted murder. Id. None of these allegations suggest, however, that the "state" compelled Defendants' conduct, that the "state" put itself into a position of interdependence with Defendants or that Defendants were fulfilling some sort of "public function"; accordingly, the complaint has not plausibly alleged the first element of a § 1983 claim.[3]  See Estades-Negroni, 412 F.3d at 5.

Having reviewed the complaint, the Court cannot discern any additional claims, either other federal claims or any state claims.[4] Notwithstanding Guo's *pro se* status, "the Court is not required to conjure causes of action which are insufficiently pled." Nasuti, 137 F. Supp. 3d at 141. Guo's complaint must, therefore, be dismissed.

### C. The Rooker-Feldman Doctrine Also Bars Any Claims Relating to State Court Judgments

To the extent Guo's complaint is an attempt to challenge the abuse prevention orders, or other state court judgments, issued against him, such claims also are barred by the Rooker-Feldman doctrine. "Federal courts are without jurisdiction to review and reject state court judgments." Smith v. Krupp, 646 F. Supp. 3d 193, 199 (D. Mass. 2022). "Under the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court

---

[3] Through oppositions and affidavits, Guo asserts new facts not alleged in the complaint. See, e.g., D. 11-2 at 2 (asserting that, "to neutralize the plaintiff, the CCP Spy and her American partners very carefully planned a crime of attempted murder, step by step"); D. 26 at 9 (asserting that the Brookline Police Department and Brookline District Court acted at "the hands of CCP PR China"). Even assuming *arguendo* that these assertions had been included as allegations in the complaint, they do not explain how Defendants were state actors under the applicable tests. Guo also includes no allegations in the complaint to indicate how Defendants' conduct resulted in an unreasonable search or seizure in violation of the Fourth Amendment, thus failing to meet the second element of a § 1983 claim.

[4] Because the Court does not discern state claims, even reading the complaint in the light most favorable to Guo, the Court does not reach Mason and Zhou's arguments concerning the Massachusetts anti-SLAPP statute, D. 13 at 6–10; D. 17-1 at 7–10. See Miller v. SBA Towers V, LLC, 391 F. Supp. 3d 123, 134 (D. Mass. 2019) (noting that, in federal court, the Massachusetts anti-SLAPP statute may be applied to "state law claims").

judgments." Tyler v. Sup. Jud. Ct. of Mass., 914 F.3d 47, 50 (1st Cir. 2019) (internal citation and quotation marks omitted). "The doctrine applies where, as here, 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" Smith, 646 F. Supp. 3d at 199 (quoting Tyler, 914 F.3d at 50).

Assuming that Guo's complaint is, in actuality, a collateral attack on the judgments of the state court, the Court has no jurisdiction to review or reject those judgments. Zhou's counsel submitted a list of state court proceedings involving Guo and Defendants, see D. 28 ¶¶ 4–5; D. 28-1 at 2–3 (collecting cases), of which the Court has taken judicial notice. See Bauersachs v. Gaziano, No. 21-cv-11866-ADB, 2022 WL 4111911, at *1 (D. Mass. Sept. 8, 2022) (taking judicial notice of relevant state court proceedings in consideration of a motion to dismiss). This list of proceedings appears to indicate that, in cases against Wang and Zhou, Guo has appealed abuse prevention orders issued against him by the Brookline District Court to the Massachusetts Appeals Court. See D. 28-1 at 54–57. Guo has similarly appealed another adverse ruling in Norfolk Probate and Family Court to the Massachusetts Appeals Court. See id. at 68–69. Because the Rooker-Feldman doctrine precludes this Court from functioning as an appeals court reviewing the judgments of these lower state courts, to the extent that Guo's claims are seeking any challenges to such judgments, these claims are also dismissed on this basis. See Hill v. Town of Conway, 193 F.3d 33, 40 (1st Cir. 1999) (noting that the Rooker-Feldman doctrine precludes review of lower state court opinions, in addition to review of a state's appellate courts).[5]

---

[5] Given the Court's bases for dismissal as discussed above, the Court does not reach Mason and Zhou's arguments as to the "litigation privilege." See D. 13 at 11–13; D. 17-1 at 10.

9

## VI. Conclusion

For the reasons stated, Defendants' motions to dismiss, D. 10; D. 12; D. 17, are ALLOWED.[6]

**So Ordered.**

/s Denise J. Casper
United States District Judge

---

[6] In light of dismissal, Guo's motion for jury trial, D. 25, is denied as moot.